UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAMES MITCHELL,

    Plaintiff,

vs.

D. ASUNCION, et. al.,

    Defendants.

No. C 12-5935 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff states that he is being denied contact visits with minors and all visits with minors occur behind glass.  Plaintiff states a minor was not involved in his conviction, however, he was convicted of several charges including child endangerment, California Penal Code Section 273(a).  Docket No. 1 at 11.  California Code of Regulations, Title 15, Section 3173.1(c) & (d) state:

> (c) For inmates convicted of PC Section(s) 273a, or 273d, visitation with the minor victim shall be limited to non-contact status.
>
> (d) For inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab, or 273d, when the victim is a minor, visitation with any other minor shall be limited to non-contact status except as authorized by the Institution Classification Committee.

Thus, based on plaintiff's conviction, state regulations are being properly followed and prisoners do not have a due process or Eighth Amendment constitutional right to visitation rights.  *See generally Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989)

2

(considering the denial of visitation rights under the Due Process Clause of the Fourteenth Amendment); *Keenan v. Hall*, 83 F.3d 1083 (9th Cir.1996) (considering the denial of visitation rights under the Eight Amendment). In addition, "there is no constitutional right of 'access to a particular visitor.' " *Keenan*, 83 F.3d at 1092 (quoting *Ky. Dep't of Corr.*, 490 U.S. at 460–61); *see also Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986).

Thus, plaintiff has failed to set forth a constitutional violation. As plaintiff has already been provided leave to amend and as it is clear no amount of amendment would cure the deficiencies described by the court, this action is dismissed with prejudice for failure to state a claim.

## CONCLUSION

This action is **DISMISSED** with prejudice for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

Dated: April 9, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Mitchell5935.dis.wpd

3