**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                           OAKLAND DIVISION

6

7

8    JAMES MITCHELL,

9              Plaintiff,                    No. C 12-5935 PJH (PR)

10        v.                                 **ORDER DENYING MOTION
                                             TO ALTER OR AMEND THE**
11   D. ASUNCION, et. al.,                   **JUDGMENT**

12             Defendants.
                                        /
13

14        This is a civil rights case filed pro se by a state prisoner that was closed on April 9,

15   2013.  Plaintiff has filed a motion for reconsideration that the court will construe as a motion

16   to alter or amend the judgment pursuant to  Fed. R. Civ. P. 59(e).

17        A motion to alter or amend judgment under Rule 59 must be made no later than

18   twenty-eight days after entry of judgment.  *See* Fed. R. Civ. P. 59(e) (effective Dec. 1,

19   2009).  A motion for reconsideration under Rule 59(e) "'should not be granted, absent

20   highly unusual circumstances, unless the district court is presented with newly discovered

21   evidence, committed clear error, or if there is an intervening change in the law.'"  *McDowell*

22   *v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

23        Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was

24   available prior to the district court's ruling.  *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th

25   Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration

26   where petitioner's evidence of exhaustion was not "newly discovered" because petitioner

27   was aware of such evidence almost one year prior to the district court's denial of the

28   petition).

**United States District Court**
For the Northern District of California

1    A district court does not commit clear error warranting reconsideration when the

2  question before it is a debatable one.  *See McDowell*, 197 F.3d at 1256 (district court did

3  not abuse its discretion in denying reconsideration where question whether it could enter

4  protective order in habeas action limiting Attorney General's use of documents from trial

5  counsel's file was debatable).

6    Courts construing Rule 59(e), have noted that a motion to reconsider is not a vehicle

7  permitting the unsuccessful party to "rehash" arguments previously presented, or to present

8  "contentions which might have been raised prior to the challenged judgment." *Costello v.*

9  *United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  These holdings "reflect[] district

10  courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

11    In this case, the court dismissed plaintiff's amended complaint with prejudice for

12  failure to state a claim.  Plaintiff stated that he was being denied contact visits with minors

13  and all visits with minors occur behind glass.  Plaintiff was convicted of several charges

14  including kidnaping, child abduction and child endangerment, California Penal Code

15  Section 273(a).  Docket No. 1 at 11.  California Code of Regulations, Title 15, Section

16  3173.1(c) & (d) state:

17    (c) For inmates convicted of PC Section(s) 273a, or 273d, visitation with the
    minor victim shall be limited to non-contact status.
18
    (d) For inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab,
19  or 273d, when the victim is a minor, visitation with any other minor shall be
    limited to non-contact status except as authorized by the Institution
20    Classification Committee.

21    Thus, based on plaintiff's conviction, state regulations are being properly followed

22  and prisoners do not have a due process or Eighth Amendment constitutional right to

23  visitation rights.  *See generally Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989)

24  (considering the denial of visitation rights under the Due Process Clause of the Fourteenth

25  Amendment); *Keenan v. Hall*, 83 F.3d 1083 (9th Cir.1996) (considering the denial of

26  visitation rights under the Eight Amendment).  In addition, "there is no constitutional right of

27  'access to a particular visitor.' " *Keenan*, 83 F.3d at 1092 (quoting *Ky. Dep't of Corr.*, 490

28  U.S. at 460–61); *see also Barnett v. Centoni,* 31 F.3d 813, 817 (9th Cir. 1994); *Toussaint v.*

**United States District Court**
For the Northern District of California

1 | *McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986).

2   Nor does this demonstrate a First Amendment violation.  "[F]reedom of association

3 | is among the rights least compatible with incarceration," and some curtailment must be

4 | expected in the prison context.  *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).  In *Overton*,

5 | the Supreme Court declined to define the extent to which the First Amendment right of

6 | association survives incarceration, because it found that the challenged regulations,

7 | although quite restrictive, withstood constitutional scrutiny under the four-part test of *Turner*

8 | *v. Safley*, 482 U.S. 78, 89 (1987).[1]  Here, plaintiff has not been denied visits.  Rather,

9 | defendants have a legitimate neutral governmental purpose in requiring plaintiff to have

10 | visits with children between glass as he was convicted of kidnaping, child abduction and

11 | child endangerment.

12   In this motion plaintiff merely repeats the same arguments presented in the original

13 | and amended complaints.  This is insufficient to warrant relief as he has failed to

14 | demonstrate clear error.

### CONCLUSION

16   Defendant's motion to alter or amend the judgment (Docket No. 21) is **DENIED**.

17   **IT IS SO ORDERED.**

18 | Dated:  May 13, 2013.

PHYLLIS J. HAMILTON
United States District Judge

20 | G:\PRO-SE\PJH\CR.12\Mitchell5935.recon.wpd

---

26 | [1] The *Turner* factors are: (1) the connection between the regulation and a legitimate, neutral governmental purpose; (2) the existence of alternative means of exercising the right; (3) the impact that accommodation of the right would have on guards, other inmates, and prison resources; and (4) the absence of ready alternatives to the regulation. *Turner*, 482 U.S. at 89–9.