UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAMES MITCHELL,

      Plaintiff,

   v.

D. ASUNCION, et. al.,

      Defendants.

No. C 12-5935 PJH (PR)

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

      This is a civil rights case filed pro se by a state prisoner that was closed on April 9, 2013.  Plaintiff has filed a motion for reconsideration that the court will construe as a motion to alter or amend the judgment pursuant to  Fed. R. Civ. P. 59(e).

      A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment.  *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009).  A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law."'  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

      Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling.  *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Courts construing Rule 59(e), have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

In this case, the court dismissed plaintiff's amended complaint with prejudice for failure to state a claim. Plaintiff stated that he was being denied contact visits with minors and all visits with minors occur behind glass. Plaintiff was convicted of several charges including kidnaping, child abduction and child endangerment, California Penal Code Section 273(a). Docket No. 1 at 11. California Code of Regulations, Title 15, Section 3173.1(c) & (d) state:

> (c) For inmates convicted of PC Section(s) 273a, or 273d, visitation with the minor victim shall be limited to non-contact status.
>
> (d) For inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab, or 273d, when the victim is a minor, visitation with any other minor shall be limited to non-contact status except as authorized by the Institution Classification Committee.

Thus, based on plaintiff's conviction, state regulations are being properly followed and prisoners do not have a due process or Eighth Amendment constitutional right to visitation rights. *See generally Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989) (considering the denial of visitation rights under the Due Process Clause of the Fourteenth Amendment); *Keenan v. Hall*, 83 F.3d 1083 (9th Cir.1996) (considering the denial of visitation rights under the Eight Amendment). In addition, "there is no constitutional right of 'access to a particular visitor.'" *Keenan*, 83 F.3d at 1092 (quoting *Ky. Dep't of Corr.*, 490 U.S. at 460–61); *see also Barnett v. Centoni,* 31 F.3d 813, 817 (9th Cir. 1994); *Toussaint v.*

2

*McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986).

Nor does this demonstrate a First Amendment violation. "[F]reedom of association is among the rights least compatible with incarceration," and some curtailment must be expected in the prison context. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). In *Overton*, the Supreme Court declined to define the extent to which the First Amendment right of association survives incarceration, because it found that the challenged regulations, although quite restrictive, withstood constitutional scrutiny under the four-part test of *Turner v. Safley*, 482 U.S. 78, 89 (1987).[1] Here, plaintiff has not been denied visits. Rather, defendants have a legitimate neutral governmental purpose in requiring plaintiff to have visits with children between glass as he was convicted of kidnaping, child abduction and child endangerment.

In this motion plaintiff merely repeats the same arguments presented in the original and amended complaints. This is insufficient to warrant relief as he has failed to demonstrate clear error.

## CONCLUSION

Defendant's motion to alter or amend the judgment (Docket No. 21) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 13, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Mitchell5935.recon.wpd

---

[1] The *Turner* factors are: (1) the connection between the regulation and a legitimate, neutral governmental purpose; (2) the existence of alternative means of exercising the right; (3) the impact that accommodation of the right would have on guards, other inmates, and prison resources; and (4) the absence of ready alternatives to the regulation. *Turner*, 482 U.S. at 89–9.